**UNITED STATES of America,
Plaintiff,**

v.

**Ricky Lee BROWN, Barbara
M. Brown, and Janette A.
Ables, Defendants.**

**No. 1:98CR34.**

United States District Court,
N.D. West Virginia.

Oct. 27, 1998.

---

Paul T. Camilletti, Robert H. McWilliams, Jr., Wheeling, WV, Assistant United States Attorney, Northern District of West Virginia, Jay T. McCamic, McCamic & McCamic, for defendant Ricky Lee Brown.

Jeffrey B. O'Toole, Julie Dietrick, Washington, DC, John J. Pizzuti, Camilletti, Sacco & Pizzuti, Wheeling, WV, for defendant Barbara M. Brown.

Thomas J. Saunders, Baltimore, MD, Rocco E. Mazzei, Clarksburg, WV, Harry J. Trainor, Jr., Knight, Manzi, Nussbaum & LaPlaca, Upper Marlboro, MD, for defendant Janette A. Ables.

## MEMORANDUM OPINION AND ORDER

**(Defendants' motion to dismiss Count Fifteen of the indictment based upon violation of the Eighth and Fourteenth Amendments)**

KEELEY, District Judge.

This pretrial motion was referred to United States Magistrate Judge David L. Core, with directions to conduct any necessary hearings in determining the motions or in preparation for submission of the proposed findings of fact and recommendation for disposition. 28 U.S.C. § 636(b)(1)(B). In his proposed findings of fact and recommended disposition of defendants' motion to dismiss Count Fifteen based on violations of the Eighth Amendment and the Equal Protection Clause of the Constitution (Docket No. 386), Magistrate Core recommended that the motion be denied. The defendants filed an amended joint appeal and objections to these findings and recommendation on July 13, 1999. (Docket No. '431.) The United States filed its response to defendants' joint appeal and objections on July 29, 1999. (Docket No. 443.)

■ After conducting a *de novo* review, this Court may accept, reject, or modify, in whole or in part, a magistrate's findings or recommendations. *United States v. George,* 971 F.2d 1113 (4th Cir.1992). The Court has reviewed the parties' contentions, as well as Magistrate Judge Core's findings pertaining to each argument, and finds that the Magistrate Judge's recommendation to deny the defendants' motion accurately reflects the law applicable to the facts and circumstances before the Court in this present criminal action. 28 U.S.C. 636(b)(1). Accordingly, defendants' motion to dismiss Count Fifteen of the indictment based upon violations of the Eighth and Fourteenth Amendment is hereby **DENIED.**

## I. FACTUAL BACKGROUND

As set forth in greater detail in other opinions of this Court, on November 21, 1997, fire destroyed the private residence located at 433 Main Avenue, Weston, West Virginia. Five children perished in the fire: Seronica Dawn Castner, age 10, Kimberly Ann Castner, age 9, Brandon Castner, age 8, Rayshell Nicole Ables, age 5, and Jimmy Lee Ables II, age 3, dying of smoke inhalation. The defendants, Ricky Lee Brown, Barbara M. Brown, and Janette A. Ables, were present in the house and escaped from the fire unharmed.

Each defendant has been named in a fifteen count indictment returned by the grand jury in September, 1998 and in a superseding indictment returned in August, 1999. Count Fifteen of both indictments charge defendants with arson resulting in death, in violation of 18 U.S.C. § 844(i)[1]. The United States filed a Notice of Intention to Seek the Death Penalty on December 11, 1998. The Attorney General of the United States approved the government's Notice of Intention to Seek the Death Penalty in June 1999. On March 29, 1999, prior to such approval, the defendants filed motions to dismiss Count Fifteen of the Indictment.

In their motion to dismiss Count Fifteen, defendants' allege that 18 U.S.C. § 844(i) does not confer federal jurisdiction over a private residence and that recent case law suggests that the application of 18 U.S.C. § 844(i) to a private residence is an unconstitutional exercise of Congress' power under the Commerce Clause. This argument is addressed in a separate opinion of the Court. *See* Memorandum Opin-

---

1. Section 844(i) provides, in relevant part:
   Whoever maliciously damages or destroys, or attempts to damage and does destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or

in any activity affecting interstate or foreign commerce ... and if death results to any person ... shall also be subject to the death penalty.

18. U.S.C. § 844(i) (1994).

ion and Order entered on October 27, 1999. Defendants also argue in their amended joint appeal and objections that Count Fifteen should be dismissed because: (1) defendants are being tried within the geographic area of the Fourth Circuit, making them more susceptible to the death penalty, in violation of the Eighth Amendment; and (2) the application of the death penalty would violate the Equal Protection Clause of the Fourteenth Amendment. This order addresses both these arguments.

## II. DISCUSSION.

Defendants argue that the imposition of the death penalty in this case would violate the Equal Protection Clause of the Fourteenth Amendment because of the disparity between the federal circuit courts of appeal as to whether federal prosecution of an arson of a private residence, under 18 U.S.C. § 844(i), violates the Commerce Clause of the Constitution of the United States. They claim that this disparity in judicial decision-making violates their equal protection rights because they reside in the Fourth Circuit and the Fourth Circuit is one of only two circuits permitting such prosecutions.

This inter-circuit conflict also forms the basis for defendants' Eighth Amendment argument that the application of the death penalty in this case would be cruel and unusual punishment, as interpreted in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Because they might not face the death penalty if the alleged arson had occurred within the jurisdiction of a different circuit court of appeals, defendants argue that the application of the death penalty in this case would be arbitrary and capricious.

In its response, the United States correctly notes that defendants have mistakenly relied upon the Equal Protection Clause of the Fourteenth Amendment, rather than the Fifth Amendment. The Fourteenth Amendment specifically addresses limitations on what individual States may do whereas the Due Process Clause of the Fifth Amendment provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law."

The analytical framework for equal protection claims under either the Fifth or the Fourteenth Amendment is similar. *See Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). Certain legislatively-created classes, such as the use of racial classifications, are strictly scrutinized by the judiciary, while other classifications are reviewed under a more deferential standard. For example, racial classifications "are constitutional only if they are narrowly tailored measures that further compelling governmental interests." *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995). Residing in a state that lies within the territory covered by the Fourth Circuit Court of Appeals does not make defendants members of a class for the purposes of an equal protection analysis.

Both the Fifth and the Fourteenth Amendments address legislative discrimination and not discrimination on the basis of particular opinions issued by the federal judiciary. In their joint appeal, defendants cite *Sylvia Development Corporation v. Calvert County, Maryland*, 48 F.3d 810, 820 (4th Cir.1994), at length, setting forth the analytical framework for equal protection claims in the Fourth Circuit. As noted in the passage cited, equal protection analysis focuses on legislative and administrative actions that employ either explicit or implicit classifications and whether such classifications achieve a legitimate governmental purpose. An equal protection analysis is inapplicable to the situation presented in this case. No legislature has drawn the distinction that arsonists of private residences in certain geographic areas of the United States are subject to the death penalty under 18 U.S.C. § 844(i), while arsonists in other parts of the country are not. The distinc-

tion that exists is the result of differing judicial interpretations of the breadth of the Commerce Clause.

Defendants rely upon *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), and *Skinner v. Oklahoma,* 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942), in support of their equal protection argument. Neither case stands for the proposition for which it is cited. In *Shapiro,* the United States Supreme Court struck down a state law denying welfare to residents who had resided in the state for less than one year prior to filing a welfare application. *Shapiro* addressed a state law that infringed upon a person's right to travel. In *Skinner,* the United States Supreme Court struck down an Oklahoma law that provided for the sterilization of habitual criminals. Again, *Skinner* addressed a state law that infringed upon a person's right to procreate. Neither of these cases hold that differences in judicial interpretation of the United States Constitution between circuit courts of appeals create a "class," subject to an equal protection analysis, under either the Fifth or the Fourteenth Amendment. Defendants do not cite, and the Court cannot find, any authority supporting an equal protection claim in the situation presented.

■ Defendants further argue that because they are victims of geography and the United States has chosen to pursue the death penalty in their case, this amounts to a capricious application of the death penalty in violation of the Eighth Amendment. Defendants acknowledge that non-uniformity between the circuit courts of appeals provides certain benefits because it permits the subtleties of legal issues to be fully developed prior to a final resolution of an inter-circuit conflict by the United States Supreme Court. Taking defendants' position to its logical extreme, any criminal defendant who has been negatively affected by an inter-circuit split of authority would have a valid Eighth Amendment claim. No law supports such a conclusion.

■ Furthermore, defendants misstate the nature of the issue presented to this Court. The Fourth Circuit's decision in *United States v. Ramey,* 24 F.3d 602 (4th Cir.), *cert. denied,* 514 U.S. 1103, 115 S.Ct. 1838, 131 L.Ed.2d 757 (1995), involves an interpretation of the breadth of Congress' jurisdiction under the Commerce Clause. It does not involve administration of capital punishment. Furthermore, a district court is bound by the precedent set by its Circuit Court of Appeals, until such precedent is overruled by the appellate court or the United States Supreme Court. Thus, *Ramey* is binding upon this Court and any inconsistencies between circuit courts of appeals, which indirectly lead to inconsistencies in the application of the death penalty, are more appropriately addressed to the Fourth Circuit or the United States Supreme Court, in the event that an appeal is taken in this case.

For the reasons set forth above, the Court accepts Magistrate Core's recommendations and hereby **DENIES** defendants' motion to dismiss count fifteen of the indictment based upon violations of the Eighth and Fourteenth Amendment.